Joshua Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs,*
Raymond Perreault and Julie Frisino

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND PERREAULT and JULIE FRISINO, individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**MODEL FINANCE COMPANY, BIG TIME RECOVERY, LLC and DOES 1 through 20, inclusive,**<br><br>Defendants. | Case No. **'18CV2781 CAB AGS**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF:<br>• (1) THE FAIR DEBT COLLECTION PRACTICE ACT, 15 U.S.C. § 1692, *ET SEQ.*, AND<br>• (2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff RAYMOND PERREAULT and JULIE FRISINO (collectively "Plaintiffs") hereby bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MODEL FINANCE COMPANY and BIG TIME RECOVERY (collectively "Defendants") with regard to attempts by Defendants to unlawfully and abusively attempt to collect a debt allegedly owed by Mr. Perreault, in violation of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*.

4. Plaintiffs allege as follows upon personal knowledge and experience. As to all other matters, Plaintiffs base their allegations on information and belief, including investigation conducted by Plaintiffs' attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiffs allege that all violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid these violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

## JURISDICTION & VENUE

8. This Court has original and supplemental jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

9. This court has personal jurisdiction over Model Finance Company because it is domiciled in California, conducts business in California, and Plaintiffs' cause of action arose in the city of San Diego, State of California.

10. This court has personal jurisdiction over Big Time Recovery, LLC because it conducted business in the State of California on behalf of Model Finance Company. This included concerted attempts to locate Mr. Perreault and the Suzuki motorcycle. In addition, Big Time Recovery, LLC's harmful actions were directed at Plaintiffs while they were residing in California. In other words, Big Time Recovery, LLC's actions were directed at the forum state.

11. A substantial part of the events or omissions giving rise to the claim occurred in San Diego, California. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b) (2).

## PARTIES & DEFINITIONS

12. As fully discussed below, Mr. Perreault is a natural person from whom a debt collector sought to collect an alleged "consumer debt," as defined by California Civil Code § 1788.2(f), which was alleged to be due and owing from Mr. Perreault to Model Finance Company. Mr. Perreault is, therefore, a "debtor," as that term is defined by California Civil Code § 1788.2(h), and a "consumer," as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1692a(3). Mr. Perreault resides in County of San Diego, State of California.

13. This alleged obligation (the consumer debt) arose out of a transaction in which the property that was the subject of the transaction (the motorcycle) was primarily for personal purposes. Thus, it is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

14. Ms. Frisino is Mr. Perreault's mother. She is a natural person who resides in the County of San Diego, State of California.

15. Defendant Model Finance Company is, and at all times mentioned herein was, a California corporation, with its principal place of business in Orange, California.

16. At all times relevant, Model Finance Company conducted business within the State of California.

17. Big Time Recovery, LLC is, and at all times mentioned herein was, a Georgia limited liability company, with its principal place of business in the city of Canton, State of Georgia. On behalf of creditors, Big Time Recovery, LLC locates debtors and collateral, and demands payments thereon.

18. At all times relevant, Big Time Recovery, LLC conducted business within the State of California.

19. Plaintiffs are informed, believe, and thereon allege, that Defendants, in the ordinary course of business, regularly, on behalf of themselves and others, engage in debt collection as that term is defined by California Civil Code §

1788.2(b). Defendants are, therefore, "debt collectors," as that term is defined by California Civil Code § 1788.2(c).

20. Plaintiffs are informed, believe, and thereon allege, that Big Time Recovery, LLC uses instrumentalities of interstate commerce and the mails in its business, the principal purpose of which is the collection of debts. This includes, but is not limited to, making phone calls and sending text messages to debtors. Thus, Big Time Recovery, LLC is a "debt collector" under 15 U.S.C. § 1692a(6).

21. Plaintiff alleges that at all times relevant, Big Time Recovery, LLC acted on behalf and with the authorization of Model Finance Company in a coordinated effort to collect a debt from Mr. Perreault. All of the following allegations are attributable to both parties and are alleged against both parties, unless otherwise stated.

22. The true names and capacities of DOES 1 through 20, inclusive ("DOES"), whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants, are unknown to Plaintiffs. Plaintiffs, therefore, sue these Defendants by such fictitious names. When Plaintiffs discover the true names and identities of the DOE defendants, they will amend their complaint to reflect their true identity.

23. Plaintiffs allege each cause of action against all DOE defendants.

## FACTUAL ALLEGATIONS

24. In or about March 2015, Mr. Perreault allegedly incurred financial obligations (the "Debt") to Defendant Model Finance Company with respect to a certain Suzuki motorcycle.

25. In or about September 2017, Mr. Perreault allegedly fell behind on payments on the Debt. Plaintiffs currently take no position as to the validity of the alleged Debt as it is irrelevant to this lawsuit.

26. Shortly thereafter, Defendants began calling Mr. Perrault's and Ms. Frisino's cellular telephones and sending them harassing text messages in an attempt to locate Mr. Perreault and demand payments on the Debt.

27. Ms. Frisino was not a signatory or a co-signor to the Debt.

28. Ms. Frisino did not provide her cellular telephone number to Defendants or their agents.

29. Mr. Perreault did not provide Ms. Frisino's cellular telephone number to Defendants.

30. Ensuing over the next several months, Plaintiffs received dozens of phone calls and text messages from "Investigator Greene."

31. During a number of conversations and voicemails left by Investigator Greene, she stated that she worked for Defendant Model Finance Company and demanded that Mr. Perreault return the motorcycle to Defendant Model Finance Company. When she could not contact Mr. Perreault, she demanded that he return her calls.

32. Starting in or about September 2017, Plaintiffs requested that Investigator Greene stop texting and calling them. Investigator Greene, however, ignored these requests.

33. In addition, Plaintiffs received automated text messages from the Defendants telephone number (470) 535-0733. These text messages demanded that Mr. Perreault return the motorcycle.

34. Plaintiffs received additional, automated text messages from Defendants telephone number (404) 667-0168, that threatened Mr. Perreault with legal action.

35. In or around September 2017, Plaintiffs responded to these text messages with the word "STOP." Yet the text messages continued.

36. These same text messages from the same telephone numbers were sent to cellular telephones belonging to Mr. Perreault's friends. Plaintiffs did not

provide Defendants, or Defendants' agents, with the telephone numbers of Mr. Perreault's friends.

37. Plaintiffs received numerous text messages to his cellular device that had an "opt-out" option for unwanted future messages.

38. However, in order to "opt-out" of these text messages, Plaintiffs were required to follow a link, which forced them to turn on their GPS in order for the opt-out to become effective. In other words, the opt-out link was designed to track Ms. Perreault and Ms. Frisino's locations.

39. Plaintiffs' were frustrated and distressed by Defendants repeatedly interrupting Plaintiffs with unwanted text messages and phone calls.

40. Plaintiffs are informed and believe that the unwanted text messages were made by and through Defendants with Defendants' permission, knowledge, and control, all of which was for Defendants' own benefit.

41. On January 18, 2018, Model Finance Company filed collection litigation against Mr. Perreault in the San Diego Central Small Claims Court (case number: 37-2018-00002860-SC-SC-CTL). The summons and complaint was served at Mr. Perreault's former residence on a yet to be identified person. Mr. Perreault was not, therefore, served with the complaint.

42. Nevertheless, Model Finance Company proceeded with the lawsuit.

43. On March 15, 2018, before trial, Investigator Greene sent Mr. Perreault a letter. This letter stated, "you are hereby notified that the above listed client has assigned your account to us for resolution. It is imperative that you contact our office immediately to discuss its status and resolution." This was the first letter that Model Finance Company sent to Mr. Perreault. This letter did not contain any of the disclosures required under Civil Code section 1812.700. Further, this letter did not contain any of the disclosures required under 15 U.S.C. § 1692g.

44. The trial took place on May 2, 2018 at 1:00 p.m. Because Mr. Perreault was not served with the complaint, he did not appear at trial. Thus, Model Finance

Company requested, and the court issued, a default judgment against Mr. Perreault.

45. At 1:45 p.m. on the day of trial, Investigator Greene called Mr. Perreault and left a message, stating that Model Finance Company would like to resolve the matter before it goes legal.

46. Following a small claims judgment, the prevailing party must wait 30 days from the date of the mailing of the Notice of Entry of Judgment before taking any action to collect the judgment. However, on May 8, 2018—six days after the court ordered a default judgment—Jesus from Model Finance Company called Plaintiff to resolve the Debt before Model Finance Company sent the default judgment to the Sheriff's Department.

47. Civ. Code § 1788.17 incorporates sections 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act. Through Civ. Code § 1788.17, Defendants violated 15 US.C. §§ 1692b, 1692c, 1692d, 1692e, and 1692f. Defendants also violated Civ. Code § 1788.11.

## 15 U.S.C. § 1692b

48. Under 15 U.S.C. § 1692b, a debt collector may contact someone other than the consumer "for the purpose of acquiring location information about the consumer. . . ." However, that creditor must first "(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; (2) not state that such consumer owes any debt; and (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information. . . ." (*Ibid.*)

49. Location is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

50. Defendants violated 15 U.S.C. § 1692b because they went beyond asking Ms. Frisino and Mr. Perreault's friends for Mr. Perreault's location information. First, Investigator Greene contacted Ms. Frisino and demanded that Mr. Perreault return Investigator Greene's calls.

51. Then, Defendants sent numerous text messages to Ms. Frisino and Mr. Perreault's friends, demanding that Mr. Perreault return the motorcycle and threatening Mr. Perreault with legal action.

52. None of these demands had anything to do with Plaintiff's "location information," as that term is defined by 15 U.S.C. § 1692a(7). Thus, these contacts are in violations of 15 U.S.C. § 1692b.

53. Defendants violated 15 U.S.C. § 1692b because they did not adequately identify themselves to Ms. Frisino and Mr. Perreault's friends. Investigator Greene simply referred to herself as "Investigator Greene."

54. Further, Defendants violated 15 U.S.C. § 1692b by announcing to Ms. Frisino and Mr. Perreault's friends that Perreault owed a debt. This pronouncement was implicit in their demand that Mr. Perreault return the motorcycle and the threat to pursue legal action against him.

55. Lastly, while the statute generally permits a single contact with a third party, Defendants repeatedly called and texted Ms. Frisino despite her pleas to be left alone. Accordingly, Defendants could not have reasonably believed their persistent contacts with Ms. Frisino would provide additional location information, and their conduct was in violation of 15 U.S.C. § 1692b.

### 15 US.C. § 1692c(b)

56. "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his

attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §1692c(b).

57. Here, Mr. Perreault did not give Defendants his prior consent to contact Ms. Frisino and Mr. Perreault's friends in regard to the Debt. Further, Defendants did not receive permission from a court of competent jurisdiction to contact Ms. Frisino or Mr. Perreault's friends in regard to the Debt. Finally, at the time of the communications, there was no judgment so there could be no post judgment judicial remedy. Thus, Defendants violated 15 US.C. § 1692c.

## 15 US.C. § 1692c(c)

58. 15 U.S.C. § 1692c(c) states, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further."

59. Defendants continued to contact Plaintiffs despite their written requests to cease all contact. In or around September of 2017, Plaintiffs texted Defendants the word "STOP." Yet the text messages and phone calls continued. Thus, Defendants violated 15 US.C. § 1692c(c).

## 15 US.C. § 1692d

60. 15 U.S.C. § 1692d states, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." This includes, but is not limited to, "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

61. Here, Defendants bombarded Plaintiffs on numerous occasions with text messages—over 50 text messages each—and phone calls. These text messages threatened to pursue legal action against Mr. Perreault.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

62. Finally, Defendants did all of these things despite Plaintiffs' repeated requests to cease all contact. The natural consequence of these collection efforts was to harass and annoy Plaintiffs. In doing so, Defendants caused Plaintiffs' cellular telephones to ring repeatedly and continuously. Thus, Defendants violated 15 U.S.C. § 1692d.

## 15 US.C. § Section 1692e

63. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

64. Defendants instructed Plaintiffs to opt-out of unwanted text messages. However, in order to do so, Plaintiffs were required to turn on their GPS. Thus, the purpose was not to opt out. Rather, this was a patent ruse to track Mr. Perreault's location and is, therefore, a false, deceptive, and misleading representation and means of collecting the Debt. Therefore, Plaintiff violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

65. Further, on the day of trial, Investigator Greene contacted Mr. Perreault to request they resolve the matter before it goes legal. But the debt had already gone legal by that point. Indeed, this request was made after the trial had already started. Following trial, but before the 30 day deadline to contest the judgment, Defendants threatened to send the judgment to the Sheriffs Department, insinuating that Model Company had the legal right to do so.

66. The foregoing statements were false, misleading, and in connection with the collection of the Debt. Thus, Defendants violated 15 U.S.C. § 1692e(5).

## 15 U.S.C. § 1692f

67. 15 U.S.C § 1692f states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

68. Here, Investigator Greene repeatedly called the cellular telephones of Mr. Perreault, Ms. Frisino, and Mr. Perreault's friends. Defendants advised Ms. Frisino and Mr. Perreault's friends that Plaintiff had an outstanding debt. And they continued this debt collection campaign despite the fact that Plaintiffs asked Defendants to stop contacting them. The opportunity to opt-out of receiving further text messages was not a genuine opportunity to opt-out. Rather, it was a ploy to get Mr. Perreault's location. Finally, in complete disregard for Mr. Perreault's rights, Defendants failed to serve Mr. Perreault, secured a default judgment, and then tried to collect the judgment inside the 30 day moratorium. In sum, the above was an unfair and unconscionable means of attempting to collect the Debt. Thus, Defendants violated 15 U.S.C § 1692f.

### Cal Civ. Code § 1788.17

69. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violating the above provisions of the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

### Cal. Civ. Code § 1788.11

70. Cal. Civ. Code § 1788.11 states that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . (b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents. . . ; (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

71. Defendants text messages did not disclose their identities. Instead, they simply instructed Mr. Perreault to return the motorcycle and threatened to pursue legal action against him. Therefore, Defendants did not correctly identify themselves.

72. Further, as discussed fully above, Defendants caused Mr. Perreault's and Ms. Frisino's cellular telephones to ring repeatedly and continuously in order to annoy Plaintiffs.

73. For these reasons, Defendants violated Cal. Civ. Code § 1788.11.

## Cal. Civ. Code § 1812.700

74. Third party debt collectors must include the following language in their first written notice to the debtor:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

75. This was the first letter that Mr. Perreault received from Big Time Recovery, LLC regarding the Debt. Yet none of the above language was included in this letter. Thus, Big Time Recovery violated Civil Code section 1812.700.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq*.
### (Against Big Time Recovery Only)

76. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the FDCPA.

78. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, *Et Seq*.
### (Against Both Defendants)

79. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the RFDCPA.

81. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff respectfully pray that judgment be entered against Defendants for:

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

# FIRST CAUSE OF ACTION

# VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq*.

# (Against Big Time Recovery Only)

- An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);
- An award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant; and
- Any other relief this Court should deem just and proper.

# SECOND CAUSE OF ACTION:

# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

# Cal. Civ. Code §§ 1788, *et seq*.

# (Against Both Defendants)

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees under Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

///
///
///
///
///

<div style="margin-left: auto; width: fit-content;">

**TRIAL BY JURY**

</div>

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: 12/10/18  **Hyde & Swigart, APC**

By: /s Joshua B. Swigart

Joshua B. Swigart

Attorney for Plaintiffs

**Additional Attorneys**

**LAW OFFICE OF ALBERT R. LIMBERG**

Albert R. Limberg, Esq. (SBN 211110)

alimberg@limberglawoffice.com

3667 Voltaire Street

San Diego, CA 92106

Telephone: (619) 344-8667

Facsimile: (619) 344-8657

**KAZEROUNI LAW GROUP, APC**

Abbas Kazerounian, Esq. (SBN 249203)

ak@kazlg.com

245 Fischer Avenue, Suite D1

Costa Mesa, CA 92626

Telephone: (800) 400-6808

Facsimile: (800) 520-5523