UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PERREAULT and JULIE FRISINO,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MODEL FINANCE COMPANY and BIG TIME RECOVERY, LLC,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-CV-2781-CAB-AGS<br><br>**ORDER ON MOTION TO DISMISS CROSSCLAIM**<br><br>[Doc. No. 13] |
| BIG TIME RECOVERY, LLC,<br><br>　　　　　　　　　　Cross-Claimant,<br><br>v.<br><br>MODEL FINANCE COMPANY,<br><br>　　　　　　　　　　Cross-Defendant. | |

Plaintiffs initiated this lawsuit with a complaint asserting claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "Rosenthal Act"), against defendants Model Finance Company ("MFC") and Big Time Recovery LLC

("Big Time"). [Doc. No. 1.] Big Time then filed a cross-complaint against MFC, asserting claims of implied indemnity, contribution, and declaratory relief. [Doc. No. 5-2.] MFC now moves to dismiss Big Time's cross-complaint for failure to state a claim and because the claims are not ripe. As discussed below, the Court declines to reach the merits of MFC's motion and instead declines to exercise supplemental jurisdiction over the cross-complaint.

## I. Allegations in the Complaint

In March 2015, Plaintiff Raymond Perreault borrowed money from MFC to purchase a motorcycle. [Doc. No. 1 at ¶ 24.] In September 2017, Perreault fell behind on his payments on the motorcycle loan. [*Id.* at ¶ 25.] Shortly thereafter, MFC and Big Time allegedly engaged in collection activity, including telephone calls and text messages to Perreault and his mother, Plaintiff Julie Frisino, as well as a small claims lawsuit, that Plaintiffs claim violated the FDCPA and Rosenthal Act. [*Id.* at ¶¶ 26-46.] The complaint asserts a claim for violation of the FDCPA against Big Time only, and a claim for violation of the Rosenthal Act against both MFC and Big Time.

## II. Allegations in the Cross-Complaint

In the cross-complaint, Big Time alleges that MFC directed it to perform skip tracing and asset location as to Plaintiffs. [Doc. No. 5-2 at ¶ 8.] Seemingly based on this solitary allegation, Big Time claims that MFC is therefore liable to Big Time for indemnity and contribution for any damages for which Big Time is deemed liable to Plaintiffs. The cross-complaint also asserts a claim for declaratory relief as to MFC's and Big Time's respective liabilities to each other based on Plaintiffs' claims. MFC now moves to dismiss the cross-complaint, arguing that the cross-complaint fails to state a claim because Big Time cannot seek indemnity or contribution from MFC for FDCPA and Rosenthal Act claims and that Big Time's claims are not ripe.

## III. Subject Matter Jurisdiction Over the Cross-Complaint

"For crossclaims to be proper, they must either carry an independent basis for subject matter jurisdiction or fall under the Court's supplemental jurisdiction." *CMFG Life Ins.*

*Co. v. Smith*, No. CV 13-261 ABC (CWX), 2014 WL 12585794, at *2 (C.D. Cal. Mar. 3, 2014). Here, the cross-complaint states that the Court has both supplemental jurisdiction and federal question over Big Time's crossclaims against MFC "because Plaintiffs are suing Big Time under the [FDCPA]." [Doc. No. 5-2 at ¶ 6.] The cross-complaint, however, does not assert any federal claims. That Plaintiffs assert a federal claim against Big Time does not give the Court federal question jurisdiction over Big Time's claims against MFC, all of which are based on state law. There is no independent basis for the Court's jurisdiction over the cross-complaint. Accordingly, the only possible grounds for subject matter jurisdiction over the cross-complaint is supplemental jurisdiction.

Federal courts have the discretion to exercise supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts may decline to exercise supplemental jurisdiction over a claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The Supreme Court has identified additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian*

---

[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

*Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998) (citation omitted).

Here, it is questionable whether Big Time's cross-claims arise out of the same case or controversy as Plaintiffs' claims against Big Time and MFC. There is little overlap between the facts relevant to the question of whether Big Time violated the FDCPA or Rosenthal Act and the facts relevant to the question of whether MFC is liable for indemnity or contribution for Big Time's liability to Plaintiffs. The first question concerns Big Time's conduct towards Plaintiffs, whereas the second question concerns MFC's relationship with Big Time as well as the legal issues raised in MFC's motion to dismiss. Accordingly, the Court is not convinced in the first instance whether it even has discretion to exercise supplemental jurisdiction over the cross-complaint.

Regardless, even if the Court has discretion to exercise supplemental jurisdiction exists over Big Time's cross-complaint, it declines to do so. First, considering MFC's motion to dismiss, Big Time's cross-complaint would require the Court to determine whether a creditor can be subject to indemnity or contribution for a Rosenthal Act claim against a debt collector who was collecting the creditor's debt. That neither party could cite any binding authority or even any state appellate authority governing this question in their briefs on MFC's motion to dismiss suggests that this is a novel state law issue. Second, issues concerning the relationship between MFC and Big Time threaten to predominate over what would otherwise be relatively straightforward FDCPA and Rosenthal Act claims by Plaintiffs against Big Time and MFC. Finally, as MFC points out in its motion, Big Time's indemnity and contribution claims are not ripe insofar as a judgment in favor of Big Time and against Plaintiffs would render Big Time's cross-claims moot. Moreover, even if Plaintiffs succeed in their claims against Big Time, the only federal claim in the case (Plaintiffs' FDCPA claim) will have been resolved at that point, implicating § 1367(c)(3). *Cf. Acri*, 114 F.3d at 1001("The Supreme Court has stated, and

we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

## IV. Conclusion

The cross-complaint raises novel issues of state law that may not even need to be answered if Plaintiffs fail to prove their claims against Defendants. It also involves a host of factual issues that have no bearing on Plaintiffs' FDCPA claim. Accordingly, assuming supplemental jurisdiction even exists, the Court declines to exercise it pursuant to 28 U.S.C. §§ 1367(c)(1), (2) and (3). The cross-complaint is therefore **DISMISSED**, and MFC's motion to dismiss for failure to state a claim is **DENIED AS MOOT**.

It is **SO ORDERED**.

Dated: April 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge